1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Tod Armstrong, | Case No. 2:21-cv-01534-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Kilolo Kijakazi, | |
| Defendant. | |

9

10

11

12

13

14        Presently before the Court is Plaintiff's application to proceed *in forma pauperis* (ECF

15   No. 1).

16        **I.        *In Forma Pauperis* Application**

17        Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to

18   prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in*

19   *forma pauperis* will be granted.

20        **II.        Screening the Complaint**

21        Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint

22   under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims

23   and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be

24   granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

25   § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard

26   for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

27   F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

28   factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

1    *v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a

2    claim, all allegations of material fact are taken as true and construed in the light most favorable to

3    the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998)

4    (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual

5    allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v.*

6    *Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is

7    insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through

8    amendment, a plaintiff should be given leave to amend the complaint with notice regarding the

9    complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

10          If a plaintiff's complaint challenges a decision by the Social Security Administration

11   ("SSA"), before filing a lawsuit, the plaintiff must exhaust administrative remedies. *See* 42 U.S.C.

12   § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam)

13   ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been

14   party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the

15   claim"). Generally, if the SSA denies a claimant's application for disability benefits, the claimant

16   may request reconsideration of the decision. If the claim is denied at the reconsideration level, a

17   claimant may request a hearing before an administrative law judge ("ALJ"). If the ALJ denies the

18   claim, a claimant may request review of the decision by the Appeals Council. If the Appeals

19   Council declines to review the ALJ's decision, a claimant may then request judicial review. *See*

20   *generally* 20 C.F.R. §§ 404, 416.

21          Once a plaintiff has exhausted administrative remedies, he may obtain judicial review of a

22   SSA decision denying benefits by filing suit within 60 days after notice of a final decision. *Id.* An

23   action for judicial review of a determination by the SSA must be brought "in the district court of

24   the United States for the judicial district in which the plaintiff resides." *Id.* The complaint should

25   state the nature of plaintiff's disability, when plaintiff claims he became disabled, and when and

26   how he exhausted his administrative remedies. The complaint should also contain a plain, short,

27   and concise statement identifying the nature of plaintiff's disagreement with the determination

28   made by the Social Security Administration and show that plaintiff is entitled to relief. A district

1  court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted his

2  administrative remedies and timely filed a civil action. However, judicial review of the

3  Commissioner's decision to deny benefits is limited to determining: (a) whether there is

4  substantial evidence in the record as a whole to support the findings of the Commissioner; and (b)

5  whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security*

6  *Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

7       Here, plaintiff alleges that on June 24, 2021, the Appeals Council denied his request for

8  review, and, at that time, the ALJ's decision became the final decision of the Commissioner.

9  Thus, it appears Plaintiff has exhausted his administrative remedies. Additionally, Plaintiff's

10  complaint includes sufficient facts to state a claim for relief.

11       Based on the foregoing and good cause appearing therefore, IT IS ORDERED that:

12       1.    Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff

13  will not be required to pay the filing fee of $402.00.

14       2.    Plaintiff is permitted to maintain this action to conclusion without the

15  necessity of prepayment of any additional fees or costs or giving security for them. This Order

16  granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at

17  government expense.

18       3.    The Clerk of Court must file the Complaint.

19       4.    The Clerk of the Court must serve the Commissioner of the Social Security

20  Administration by sending a copy of the summons and Complaint by certified mail to: (1) Office

21  of Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899,

22  San Francisco, California 94105-1545; and (2) the Attorney General of the United States,

23  Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

24       5.    The Clerk of Court must issue summons to the United States Attorney for

25  the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

26       6.    From this point forward, Plaintiff must serve on Defendant or, if

27  appearance has been entered by an attorney, on the attorney, a copy of every pleading, motion or

28  other document submitted for consideration by the Court. Plaintiff must include with the original

1    paper submitted for filing a certificate stating the date that a true and correct copy of the

2    document was personally served or sent by mail to the defendant or counsel for the defendant.

3    The Court may disregard any paper received by a district judge or magistrate judge that has not

4    been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk

5    that fails to include a certificate of service.

6

7         DATED: September 17, 2021

8

9                                                    _____
                                                     BRENDA WEKSLER
                                                     UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28